REQUESTED BY: Charles Kandt, Lincoln County Attorney, State of Nebraska.
May the Department of Social Services deny an obligor a request for hearing to contest income withholding pursuant to the Income Withholding For Child Support Act (LB7, 89th Leg., 2nd Special Session, 1985) if the obligor does not specifically state the basis of his appeal.
Yes.
Section 40 of LB7 provides the following:
The obligor may request a hearing, in the manner specified in the notice, on the issue of whether the assignment should take effect on the grounds that the assignment, including the amount to be withheld, is not valid because of a mistake of fact.
Pursuant to § 40, the Legislature has prescribed that the Department of Social Services hold administrative hearings only where the obligor contests wage withholding on the basis of a mistake of fact. Since the obligor's duty of support has already been adjudicated by a court of law, the Department of Social Services is not required to conduct an evidentiary hearing when facts are undisputed. In our view, the statute clearly sets forth standards for the holding of administrative hearings and leaves little, if any, to the discretion of the Department of Social Services.
We would also point out that administrative review is not an inherent right, but rather is of statutory origin. Section 40 specifically provides that the obligor request a hearing "in the manner specified in the notice. . ." The notice sent to obligors by the Department clearly provides that an obligor indicate the reason for requesting an administrative hearing. An ineffective notice of appeal fails to confer jurisdiction upon an administrative agency. If a request for an administrative hearing is not in accordance with the manner specified in the notice, the Department of Social Services may, therefore, properly deny to such obligor an administrative hearing.
An obligor who contests income withholding has the right to appeal the action taken to the District Court. Neb.Rev.Stat. § 84-917 (Reissue 1981). Generally, an individual's right to due process is satisfied where resort may be had to the courts in order to have the action of an administrative agency reviewed. Meyers v. Bethlehem Ship Building Corp., 58 S.Ct. 459, 303 U.S. 41 (1937). We see nothing in the scheme of § 40 which would render it constitutionally suspect.
ROBERT M. SPIRE Attorney General
ROYCE N. HARPER Assistant Attorney General